[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14999
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00355-RWS-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN SPIGNER,
a.k.a. Old Boy,
a.k.a. Steve-O,
a.k.a. Slim,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 29, 2020)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Steven Spigner appeals (1) the district court's order denying his motion under

18 U.S.C. section 3582(c) for a sentence reduction based on guideline amendment 782, and (2) the district court's order denying his untimely motion for reconsideration. As to Spigner's appeal of the first order, we **GRANT** the government's motion to dismiss because Spigner filed his notice of appeal nine months after the order was entered—much more than the fourteen days allowed under Federal Rule of Appellate Procedure 4(b)(1)(A)(i) and the thirty extra days allowed for good cause or excusable neglect under Rule 4(b)(4)—and his untimely motion for reconsideration, filed eight months too late, did not toll the notice of appeal period. See United States v. Lopez, 562 F.3d 1309, 1314 (11th Cir. 2009) (dismissing appeal because "we must apply the time limits of Rule 4(b)" where the "government has not forfeited its objection to [the appellant's] untimely notice of appeal"); United States v. Vicaria, 963 F.2d 1412, 1414 (11th Cir. 1992) ("A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal."). As to Spigner's appeal of the second order, we **GRANT** the government's motion for summary affirmance because there is no substantial question that the district court did not abuse its discretion in denying Spigner's untimely reconsideration motion. See Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969) (summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial

2

question as to the outcome of the case"); United States v. Llewlyn, 879 F.3d 1291, 1294 (11th Cir. 2018) ("Llewlyn appeals the district court's denial of his motion for reconsideration.  The denial of such a motion is generally reviewed for abuse of discretion."); United States v. Taylor, 792 F.2d 1019, 1025 (11th Cir. 1986) ("[T]he district court did not abuse its discretion when it denied White's motion to suppress as untimely."); United States v. Bailey, 691 F.2d 1009, 1019 (11th Cir. 1982) ("This request was untimely by several months and as such the district court did not abuse its discretion in denying the motion.").

**APPEAL DISMISSED IN PART and SUMMARILY AFFIRMED IN PART.**